## MULLER v. FOWLER ET AL.

[No. 4,835. Filed June 21, 1904. Rehearing denied October 14, 1904. Transfer denied November 17, 1904.]

DESCENT AND DISTRIBUTION.—*Liabilities of Heirs to Creditors.—Covenant.—Breach.—Complaint.*—Where, in an action for breach of a covenant made by a decedent, the complaint failed to allege that the defendants themselves had done or omitted to do any act rendering them liable, or that they occupied any relation to plaintiff fixing upon them any responsibility; or that they or any of them were heirs, devisees or distributees of such decedent, or had received any property from any decedent's estate, or that any property had descended

or been devised to any of them, such complaint was insufficient; since by statute (§3344 Burns 1901, §2925 R. S. 1881) lineal and collateral warranties with all of their incidents are abolished, and the heirs and devisees are liable on their decedent's covenant or agreement only to the extent of the property received from such decedent, and by statute (§2597 Burns 1901, §2442 R. S. 1881) the heirs, devisees and distributees of a decedent (under certain conditions) shall be liable to the extent of the property received from such decedent to a creditor of such decedent.'

From Tippecanoe Circuit Court; *R. P. DeHart,* Judge.

Action by Bernhard Muller against James M. Fowler and others. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*Otto Gresham* and *J. F. McHugh,* for appellant.

*E. P. Hammond, W. V. Stuart, D. W. Simms, A. L. Kumler* and *T. F. Gaylord,* for appellees.

BLACK, C. J.—The appellant Bernhard Muller, August 30, 1899, filed his complaint against James M. Fowler, Moses Fowler Chase, Charles H. Duhme and Ophelia F. Duhme, the appellees, and Eliza Fowler. The last named defendant's death was suggested, and as to her the action abated. Demurrers to the complaint for want of sufficient facts, filed by the other defendants, the appellees, were sustained. In the complaint it was alleged: That prior to January 17, 1889, Moses Fowler represented himself to be the owner of the north one-half of section seventeen, township twenty-four north, range nine west, in Benton county, Indiana, which he was then desirous of selling, and which was inclosed by a fence; that the fence on the supposed west side of this half section was on a line designated by said Moses Fowler, built in 1887 by him and Alfred H. Trego, who, a short time prior to the erection of the fence, purchased from said Fowler section eighteen in the same township and range; that the line of this west fence was designated by said Fowler on the division line between sections seventeen and eighteen, established pursuant to a survey of

said sections in 1869 by the surveyor of Benton county, act-
ing at the instance of said Fowler and one Alexander, who
were then the joint owners of both of these sections; that
section eighteen is in the western range of sections in town-
ship twenty-four, and lies immediately west of section
seventeen, and, by the original survey of the United States
government, section eighteen is short of being a full section
by about sixty acres, while section seventeen is a full section
of 640 acres; that said survey of 1869 was incorrect, and
the division line established thereby between sections seven-
teen and eighteen is not the true division line, being too far
east, according to the survey of the government of the
United States, and the effect of the survey of 1869 and the
division line established thereby, on the line of said fence,
is to make section seventeen short of a full section by about
sixty acres, and section eighteen a full section of 640 acres;
that the appellant having in view the purchase of the west
one-half of the northwest one-fourth of "section aforesaid,"
and no knowledge of the survey of 1869, was assured by the
agents who were authorized to make and were making sale
of lands for Fowler that said section seventeen was a full
section; that the north half thereof, inclosed by said fence,
and running to the lands of said Trego, contained 320 acres;
that the west half of the northwest quarter contained eighty
acres; that, by the original entries in the tract books of the
office of the recorder of Benton county, said section seven-
teen was a full section, which is a fact; and that Moses
Fowler would make good any deficiency there might be in
case at any time a shortage might be discovered, in the event
of a purchase by the appellant; that the appellant, January
17, 1889, relying on the representations of said Moses
Fowler, made through his agents, "which he believes would
be duly kept and observed were Moses Fowler living,"
purchased from said Fowler, at the agreed price of $32.50
per acre, eighty acres of land, being the west one-half of
the northwest one-fourth of said section seventeen, town-

ship twenty-four north, range nine west; that the purchase was made by the acre, and not at a gross sum; that the aggregate price agreed upon and paid by the appellant to said Moses Fowler was $2,600; that on said day Moses and Eliza Fowler executed to the appellant their general warranty deed, a copy of which is made part of the complaint as an exhibit. This exhibit is the copy of a warranty deed purporting to be executed by Moses Fowler and Eliza Fowler, his wife, whereby they conveyed and warranted to the appellant, the west half of the northwest quarter of section seventeen, etc., "containing eighty acres, more or less."

It was further alleged that 'on the same day the appellant was by said Moses Fowler put into possession of eighty acres of ground extending east from the fence built on the line of the survey of 1869; that he has paid taxes thereon, improved the same, and built a house and barn thereon, and the land is now worth $75 per acre; that afterward, on the same day, Moses Fowler sold to one Peter Joseph Muller, the northeast quarter and the east half of the northwest quarter of said section seventeen, and possession thereof was afterward taken by Peter Joseph Muller, but the possession of the appellant of the eighty acres conveyed to him by Moses Fowler was not disturbed until as hereinafter stated; that September 15, 1893, by a survey of appellant's lands, the lands of Peter Joseph Muller and Alfred H. Trego, it was first discovered that there was a shortage in the north half of section seventeen of twenty-eight and forty-nine hundredths acres, and an excess of that amount in section eighteen, and thereupon said Trego, claiming he had paid said Fowler for a full section, appealed from said survey of 1893, which was set aside by the circuit court of Benton county because there was informality in the notice thereof, and a resurvey was ordered, which was had April 14, 1896, by which the accuracy of the survey of 1893 was demonstrated, and the northwest corner

of section seventeen was placed 328.28 feet west of the point as designated in the survey of 1869; that thereupon said Trego appealed again to the circuit court of Benton county, where the cause was heard in December, 1898, and although the court found that the survey of 1869 was incorrect, and not conducted pursuant to the statutes and regulations in such cases provided, yet, because there had been no appeal therefrom within three years, it was held to have become final and conclusive, and thereupon said court set aside the survey of April 14, 1896, and adjudged the division line between section seventeen and eighteen according to the survey of 1869 to be final and conclusive, and entered judgment against the appellant and Peter Joseph Muller for costs; that thereupon, June 1, 1899, Peter Joseph Muller, under his deed from Moses Fowler, demanded, under threat of legal proceedings, of the appellant possession of the east twenty-eight and forty-nine hundredths acres of the eighty acres so occupied by the appellant, under the purchase by him from Moses Fowler; and thereupon, to save further costs and expenses, he yielded up, June 15, 1899, possession of said twenty-eight and forty-nine hundredths acres to Peter Joseph Muller; that under and by the judgment of the circuit court of Benton county, said Trego has obtained title of twenty-eight and thirty hundredths acres of said section seventeen, and the title thereto has failed and been lost to the appellant by paramount title and due course of law, and the covenant of warranty in the deed of said Moses Fowler and Eliza Fowler to appellant has been broken, which breach appellant avers occurred in December, 1898, by reason of which breach he, on June 15, 1899, lost possession of twenty-eight and forty-nine hundredths acres of the eighty acres into possession of which he was placed by Moses Fowler January 17, 1889; that August 20, 1889, Moses Fowler died, and April 1, 1891, his estate was settled; "that said James M. Fowler, Moses Fowler Chase, Charles Duhme, Ophelia

F. Duhme and Eliza Fowler have received from the said Moses Fowler both real and personal property of the value of $1,000,000; that the said Moses Fowler Chase," etc. "Wherefore, plaintiff prays and demands judgment for $2,500, and all proper relief."

It would seem, from the briefs, to have been intended, in the closing portion of the complaint, which we have quoted from the record, to allege that Moses Fowler Chase was a minor, and to ask the appointment of a guardian *ad litem* for him. It is not shown that any guardian was appointed. March 26, 1903, he appeared by his attorneys and separately demurred to the complaint.

Section 2597 Burns 1901, §2442 R. S. 1881, provides as follows: "The heirs, devisees and distributees of a decedent shall be liable, to the extent of the property received by them from such decedent's estate, to any creditor whose claim remains unpaid, who, six months prior to such final settlement, was insane, an infant, or out of the State; but such suit must be brought within one year after the disability is removed: Provided, that suit upon the claim of any creditor out of the State must be brought within two years after such final settlement."

By §3344 Burns 1901, §2925 R. S. 1881, it is provided: "Lineal and collateral warranties, with all their incidents, are abolished; but the heirs and devisees of every person who shall have made any covenant or agreement shall be answerable upon such covenant or agreement to the extent of the property descended or devised to them, and in the manner prescribed by law."

The action appears to have been based upon the deed of conveyance, the appellant seeking recovery for a breach of covenant therein. It is not shown by the complaint that the parties whose demurrers were sustained had themselves incurred any liability by their contract or through their act or omission, or that they sustained any relation upon which, with attendant circumstances, responsibility to the appel-

lant could be based. It is not shown that they or any of them were heirs, devisees or distributees of any decedent, or had received any property from any decedent's estate, or that any property had descended or been devised to them or any of them. It is alleged that Moses Fowler died August 20, 1889, whether testate or intestate is not shown, and that his estate was settled April 1, 1891, and that the defendants "have received from the said Moses Fowler" both real and personal property, etc. Without a showing of a relation of the demurring defendants to the estate of the decedent there could be no recovery against them. The want of such a showing is a manifest infirmity of the complaint of such material character that it is plain that the action of the court in sustaining the demurrers was not erroneous.

Other questions to some extent agitated by counsel need not be discussed; for, however they might be decided, there could not be a reversal of the judgment.

Judgment affirmed.